972 F.2d 357
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Olaf T. STEVENSEN, Jr. and Barbara Ann Stevensen,
Plaintiffs-Appellants,
v.
The HOME INSURANCE COMPANY, a foreign corporation, Defendant-Appellee.
 No. 90-4192.
 United States Court of Appeals, Tenth Circuit.
 July 21, 1992.
 
 Before HOLLOWAY and McWILLIAMS, Senior Circuit Judges, and SEYMOUR, Circuit Judge.
 ORDER AND JUDGMENT*
 McWILLIAMS, Senior Circuit Judge.
 
 
 1
 By an amended complaint filed in the United States District Court for the District of Utah, Olaf T. Stevensen, Jr. and his wife, Barbara Ann Stevensen, residents and citizens of Utah, brought suit against the Home Insurance Company (Home), a corporation incorporated in the State of New Hampshire, on a policy of insurance issued by Home to the Salt Lake Athletic Club (SLAC) and the Wasatch Health Partnership. In their first claim, the Stevensens sought $2,000,000 as compensatory damages for damage done to a building in which they had a security interest, which sum also included damages arising from economic loss caused by business closure. In a second claim, the Stevensens sought $2,500,000 as punitive damages for Home's bad faith denial of their insurance claim. Jurisdiction was based on 28 U.S.C. § 1332. By answer, Home denied any liability to the Stevensens under the policy.
 
 
 2
 After discovery, the Stevensens moved for partial summary judgment, and Home moved for summary judgment. After hearing, the district court denied the Stevensens' motion and granted Home's motion. In so doing, the district court held that Stevensens' claim under the policy was barred by the suit limitation provision in the policy which required all suits based on the policy be brought within one year after the loss.[1] The district court further indicated that Stevensens' claim was also barred by a three-year statute of limitations provided for in Utah Code Ann. § 31A-21-313(1) (1986). The Stevensens appeal. We affirm.
 
 
 3
 The background facts are not really in dispute and resolution of the issue before us turns on the provisions of the insurance policy on which the Stevensens brought suit. In April, 1980, by a written installment agreement, the Stevensens sold their interest in SLAC, including both real and personal property, to the Panos Investment Company, which, in turn, sold its interest in 1983 to three individuals, Raymond Goodsen, James Foulger, and Richard Danley, hereinafter referred to as the owners or the purchasers. Under the 1980 sale agreement, the buyer was required to maintain insurance on the premises and deliver a copy of such insurance policy to the Stevensens. The agreement also constituted an assignment of the insurance to the Stevensens. On April 1, 1983, the then new purchasers obtained from Home the policy here involved.
 
 
 4
 On April 14, 1984, the SLAC premises were damaged by construction activities originating on adjacent property. The accident occurred during excavation on the adjacent property when a drill bored diagonally into SLAC property underneath the building. The owners of SLAC apparently made no claim against Home for the damages thus done SLAC, and instead made claim against the insurance carrier for the drilling contractor who had caused the damage. That claim was settled for $4,769.00.
 
 
 5
 The Stevensens commenced their action against Home on November 28, 1988, and Home initially argues that since the loss occurred on April 14, 1984, Stevensens' claim is barred by the suit limitation provision in the policy which Home issued in 1983 to the owners of SLAC.[2] The one-year suit limitation appears in paragraph 21 under "Conditions Applicable to Section I"[3] and reads as follows:
 
 
 6
 21. Suit. No suit shall be brought on this policy unless the Named Insured has complied with all the policy provisions and has commenced the suit within one year after the loss occurs.
 
 
 7
 Before considering the suit limitation provision in the policy, we should first mention other policy provisions that have possible bearing on the matter before us.
 
 
 8
 The policy is a "Business Owner's Policy" issued by an authorized agent for Home. The "Declarations" constitute the first pages of the policy, giving pertinent details as to the term, premium, and coverage, and naming the various parties insured. The policy then goes on to state that the "Named Insured" was the SLAC and the Wasatch Health Partnership, consisting of five named partners. On an additional declaration page the Stevensens, along with F.M.A. Leasing Company, were listed as "Additional Insureds As Their Interest May Appear." Later an endorsement showing a change in the Stevensens' home address stated that the endorsement was "Amending Additional Insured To," followed by the Stevensens' name and new address, but omitting the "as their interest may appear" language. By non-premium endorsement, American Savings & Loan "and/or its successors or assigns" was named as being the mortgagee.
 
 
 9
 A policy provision involved in the present controversy is the so-called standard mortgage clause appearing in paragraph 11 in the "Conditions Applicable to Section I," which reads as follows:
 
 
 10
 11. Mortgage Clause--Applicable Only to Buildings: this clause is effective if a mortgagee is named in the Declarations. The word "mortgagee" includes "trustee." Loss to buildings shall be payable to the named mortgagee as interest may appear, under all present or future mortgages on the buildings described in the Declarations in order of precedence of mortgages on them.
 
 
 11
 As it applies to the interest of any mortgagee designated in the Declarations, this insurance shall not be affected by any of the following:
 
 
 12
 (a) any act or neglect of the mortgagor or owner of the described buildings; (emphasis added)
 
 
 13
 Paragraph 16 of "Conditions Applicable to Section I" concerns a mortgagee or lien holder not covered by the standard mortgagee clause, but conceivedly covered as an appointee of loss proceeds. That paragraph reads as follows:
 
 
 14
 16. Privilege to Adjust With Owner: (a) Except as provided in (b) below, or unless another payee is specifically named in this policy, loss, if any, shall be adjusted with and payable to the Named Insured. The Named Insured may, at his option designate a representative in the adjustment and may authorize payment to others (emphasis added).
 
 
 15
 At the outset we reject any suggestion that under the policy the Stevensens are mortgagees and accordingly are entitled to the benefit of the so-called standard mortgage clause appearing in paragraph 11. That clause provides that it is to be effective "if a mortgagee is named in the Declarations." There was a mortgagee named in the policy, but it was not the Stevensens. Rather, the American Savings & Loan was named in the policy as being the mortgagee. So, no matter what the nature of Stevensens' retained interest in the SLAC premises, they were simply not named as a mortgagee in the policy. Another party was named as mortgagee.
 
 
 16
 Stevensens were not designated in the declarations as being a named insured. SLAC and the Wasatch Health Partnership were designated as the named insureds. However, the Stevensens were designated as additional insureds. We do not regard the language "as their interest may appear" to be of any particular significance. The Utah courts have yet to construe a suit limitation provision in the context here presented in any reported opinion. Absent authority to the contrary, we are not inclined to disturb the district court's holding that, as an additional insured, the Stevensens come within the ambit of the suit limitation provision, which, as indicated, provides that "no suit may be brought on this policy" unless the named insured himself complies with all policy provisions and commences suit within one year after the loss. "No suit" means "no suit."[4]
 
 
 17
 An inescapable fact is that the Stevensens did not commence the present action until four years, seven months, and fourteen days after the loss occurred. Further, the Stevensens concede that they learned of the loss no later than July, 1985, and accordingly they did not commence the present action until three years and four months after actual knowledge of the loss. Under either approach, there was non-compliance with the suit limitation provision.
 
 
 18
 In view of our understanding of the suit limitation provision, we need not here consider the applicability of a three-year statute of limitations for bringing suits on insurance policies enacted by the state legislature of Utah in 1986. Utah Code Ann. § 31-A-231-313(1) (1986).
 
 
 19
 Judgment affirmed.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Stevensens' second claim based on bad faith denial of their claim was dismissed and is not involved in this appeal. Apparently the Stevensens never did present a proof of loss to Home
 
 
 [2]
 The Stevensens apparently did not immediately learn of the damage done SLAC premises, or the cause thereof, although they concede that they did learn of such no later than July, 1985. Home, on the other hand, argued that the Stevensens learned of the damage prior to July 1985, relying on deposition testimony that Mr. Stevensen visited the SLAC premises immediately after the accident. That deposition testimony, however, is not in the record before us. Be that as it may, in summer 1985 the Stevensens commenced foreclosure proceedings against the SLAC in the Third Judicial District Court, County of Salt Lake, State of Utah, styled Olaf T. Stevensen, Jr. & Barbara Ann Stevensen, et al. v. Raymond L. Goodson, et al., Civil Action No. C-85-5265. This action was stayed during bankruptcy of one of the SLAC owners and remained pending at the time of this appeal
 
 
 [3]
 The policy contains three sections: Section I for the building and personal property; Section II for comprehensive general liability; and Section III for employee dishonesty
 
 
 [4]
 Our interpretation of the suit limitation provision is in accord with paragraph 16 of the "Conditions Applicable to Section I" which provides that "loss ... shall be adjusted with and payable to the named insured" absent any designation by the named insured authorizing payment to another. Further, as indicated,, the installment sales agreement between the Stevensens and Panos provided that the latter would obtain insurance on the premises and also constituted an assignment of said insurance to the Stevensens. In such circumstance, it would seem that the suit limitation imposed by the insurance policy on the named insured would apply with equal force to the named insured's assignee